UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

FILED IN CLERKS OFFICE

2007 JAN -4  A 10: 38

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| R. JOSEPH HEWETT (Pro Se) and others similarly situated, DOES 1-10,000,<br><br>Plaintiffs,<br><br>v.<br><br>TRUMP ORGANIZATION INC., a New York Corporation, TRUMP PRODUCTIONS, LLC, a New York Corporation, DONALD TRUMP, a New York resident, MARK BURNETT PRODUCTIONS, INC., a California Corporation, MARK BURNETT, an Alien residing in the United Kingdom, JEAN WORLDWIDE INC., a California Corporation, ARCHIE WORLDWIDE, INC., a California Corporation, CJ WORLDWIDE, INC. a California Corporation, and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>**(1) AGE DISCRIMINATION IN HIRING**<br><br>**REQUEST FOR CLASS-ACTION CERTIFICATION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs R. Joseph Hewett and others similarly situated, Does 1-10,000 (collectively "Plaintiffs"), allege as follows:

## JURISDICTION

1. This Complaint alleges age discrimination arising under Title VII of the Civil Rights Act (1964) as supplemented by the Age Discrimination in Employment Act (1967) 29 U.S.C. § 621 *et seq.*, as amended. This court has subject matter jurisdiction over these federal questions pursuant to 29 U.S.C. § 626(b) and (c) and 28 U.S.C. § 1331.

2. This Complaint also alleges violations of Massachusetts law arising under the Massachusetts Fair Employment Practices Act, G.L. c. 151B. This court has jurisdiction over these claims pursuant to its supplemental jurisdiction, 29 U.S.C. § 633(a) and (b) and 28 U.S.C. § 13679(a).

## VENUE

3. Venue for this action properly lies in this District pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events leading to these claims arose in the District and 1391(d) because one of the named Defendants is an alien. If the claim is certified as a class-action or collective-action, then future named and un-named plaintiffs, currently referred to as "DOES 1-10,000" will be found to reside in most every District in the United States.

## SUMMARY OF THE ACTION

4. On January 8, 2004, the first installment of the reality television series known as "The Apprentice" aired on the NBC television network which broadcast the show to a national audience. The show depicts Mr. Donald Trump, a Defendant in this action ("Trump") in his real-life role as Chairman, President and CEO of The Trump Organization, a real estate and development conglomerate based in New York. The show depicts and centers on Trump as he evaluates a group of job candidates who have applied to become "The Apprentice". In weekly installments or episodes,

1

Trump eliminates one or more job candidates from consideration for the position. This continues through the course of a television season or cycle until Trump finally chooses one person as the ultimate winner of The Apprentice job. The candidate who is selected to become "The Apprentice" is given a one year employment contract at a salary of $250,000. The winner spends the following year as an employee of The Trump Organization or one of Trump's subsidiary or otherwise related corporations. This working relationship sometimes or oftentimes continues beyond the initial one-year contract period.

5. Prior to the airing of the first cycle of The Apprentice, approximately 8,000 applicants initially applied for The Apprentice job opening. Out of that number, 16 applicants were selected as finalists for The Apprentice position. The oldest of the 16 finalists was thirty-six (36) years old.

Prior to Cycle 2, which first aired on September 9, 2004, approximately 40,000 applications were received. Out of that number, 18 applicants were chosen as finalists to become "the next Apprentice". The oldest of this group of 18 finalists was thirty-seven (37) years old.

Prior to Cycle 3, which first aired on January 20, 2005, approximately 10,000 applications were received. Out of that number, 18 applicants were chosen as finalists to become "the next Apprentice". The oldest of this group of 18 finalists was forty-one (41) years old. None of the other 17 finalists were over thirty-nine (39) years old.

Prior to Cycle 4, which first aired on September 22, 2005, approximately 12,500 applications were received. Out of that number, 18 applicants were chosen as finalists to become "the next Apprentice". The oldest of this group of 18 finalists was forty-one (41) years old. None of the other 17 finalists were over thirty-nine (39) years old.

Prior to Cycle 5, which first aired on February 27, 2006, approximately 8,000 applications were received. Out of that number, 18 applicants were chosen as finalists to become "the next Apprentice". Quoting from the "NBC Official Site" http://www.nbc.com/The_Apprentice_5/about.shtml: "Ranging in age from 22 - 38, these candidates boast degrees from

Harvard, Columbia, Northwestern and Cornell University." According to the NBC website, none of the 18 finalists was over 39 years old.

Prior to Cycle 6, which is scheduled to begin airing on January 07, 2007, an estimated 13,000 applications were received. Out of that number, 18 applicants were chosen as finalists to become "the next Apprentice". According to The NBC official website, none of the 18 finalists is over 39 years old.

Plaintiffs allege that a pattern of age discrimination against the ADEA protected class is clearly in evidence here. Defendants appear to be consistently predisposed to favoring younger job applicants in their selection process. Over the course of six seasons or cycles, approximately 100,000 candidates have applied for these positions. One hundred and six (106) applicants have been selected from this field to become finalists. Only two candidates (out of 106, out of 100,000) who were over 40 years old, were selected to continue with the job interview process featured on the television show. Not even one of the 106 finalists were over 42 years old at the time of their selection. Plaintiffs bring this lawsuit in an effort to halt Defendants from continuing to discriminate against the protected class.

## PARTIES TO THE ACTION

6.  Plaintiff R. Joseph Hewett ("Hewett"), at all times herein mentioned, is and was an individual residing in the sate of New Hampshire. Plaintiff Hewett attained standing in this action when he applied for and attended an interview for "The Apprentice" in Natick, Massachusetts on July 9, 2005. Hewett was 49 years old at the time of the interview. Hewett presented himself as an outstanding candidate who possessed all of the qualities that Trump had previously expressed that he was looking for in his next "Apprentice". Trump has commented during the course of his on air interview program, that he prized a combination of book smarts and street smarts. Hewett's resume reveals that he was a Magna Cum Laude graduate of New Hampshire College with a Bachelor of Science degree

in Business Administration. Hewett also possess many years of experience maintaining large commercial properties, with particular expertise managing the electrical, HVAC and Information Technology departments. Even though The Trump Organization is primarily in the business of developing, managing and maintaining large commercial properties, most of the finalists who ultimately were selected to compete for these high-level management jobs did not have the type of closely related skills and experience that Hewett offered. Regarding so-called street smarts, Hewett grew up and prospered on the streets of Lawrence, Massachusetts, a gritty old textile-mill city where the development of street-smart skills are required if one is to survive. Despite having excellent property management credentials, as opposed to the majority of applicants, Hewett was quickly rejected and was not invited to continue on with the selection process. Hewett maintains that he was one of a large number of applicants whose candidacy was disregarded or discounted, mostly or partly due to a widespread and prevalent bias against older job applicants that surrounded this hiring process.

7. Plaintiff Hewett does not know the true names and identities of those Plaintiffs named herein as "others similarly situated" and DOES 1-10,000 and therefore refers to these Plaintiffs by such fictitious names. Hewett, or an attorney to be assigned to this case in the future, will amend this complaint, if certified as a class action, to identify many of the real names and identities of these Plaintiffs. Plaintiffs may also amend this complaint, with permission from the court, to include another class or sub-class who were similarly situated and whose civil rights may have been infringed under the Americans With Disabilities Act of 1990.

8. Plaintiff is informed and believes, and therein alleges, that Defendant The Trump Organization ("Trump Org.") is a corporation organized under the laws of the state of New York with its principle place of business in New York, New York. Plaintiff is further informed and believes and on that basis alleges, that Trump Org. is and /or has been

4

engaged in illegal and discriminatory hiring practices via their connection to the reality based television program The Apprentice.

9. Plaintiff is informed and believes, and therein alleges, that Defendant Trump Productions, LLC ("Trump Productions") is a corporation organized under the laws of the state of New York with its principle place of business in New York, New York. Plaintiff is further informed and believes and on that basis alleges, that Trump Productions is and / or has been engaged in illegal and discriminatory hiring practices via their connection to the reality based television program The Apprentice.

10. Plaintiff is informed and believes, and therein alleges, that Defendant Donald Trump ("Trump") is a resident of the state of New York. Plaintiff is further informed and believes and on that basis alleges, that Trump is and / or has been engaged in illegal and discriminatory hiring practices via his association with the reality based television program The Apprentice.

11. Plaintiff is informed and believes, and therein alleges, that Defendant Mark Burnett Productions is a corporation organized under the laws of the state of California with its principle place of business in Los Angeles, California. Plaintiff is further informed and believes and on that basis alleges, that Mark Burnett Productions is or has been engaged in illegal and discriminatory hiring practices via their association with the reality based television program The Apprentice. Plaintiff is further informed and believes, and therein alleges, that Defendant Mark Burnett Productions effectively acts or has acted as an employment agency for Defendants The Trump Org., Trump Productions and Trump via their association with the television program The Apprentice.

12. Plaintiff is informed and believes, and therein alleges, that Defendant Mark Burnett is a resident of the United Kingdom. Plaintiff is further informed and believes and on that basis alleges, that Mark Burnett is or has been engaged in illegal and discriminatory hiring practices via his association with the reality based television program The Apprentice. Plaintiff is further informed and believes, and therein alleges, that

Defendant Mark Burnett effectively acts or has acted as an employment agent or agency for Defendants The Trump Org., Trump Productions and Trump via his association with the television program The Apprentice.

13. Plaintiff is informed and believes, and therein alleges, that Defendant Jean Worldwide Inc., ("Jean Worldwide") is a corporation organized under the laws of the state of California with it's principle place of business in Los Angeles, California. Plaintiff is further informed and believes and on that basis alleges, that Jean Worldwide is or has been engaged in illegal and discriminatory hiring practices via their association with the reality based television program The Apprentice. Plaintiff is further informed and believes, and therein alleges, that Defendant Jean Worldwide effectively acts or has acted as an employment agency for Defendants The Trump Org., Trump Productions and Trump via their association with the television program The Apprentice.

14. Plaintiff is informed and believes, and therein alleges, that Defendant Archie Worldwide Inc., ("Archie Worldwide") is a corporation organized under the laws of the state of California with it's principle place of business in Los Angeles, California. Plaintiff is further informed and believes and on that basis alleges, that Archie Worldwide is or has been engaged in illegal and discriminatory hiring practices via their association with the reality based television program The Apprentice. Plaintiff is further informed and believes, and therein alleges, that Defendant Archie Worldwide effectively acts or has acted as an employment agency for Defendants The Trump Org., Trump Productions and Trump via their association with the television program The Apprentice.

15. Plaintiff is informed and believes, and therein alleges, that Defendant CJ Worldwide Inc., ("CJ Worldwide") is a corporation organized under the laws of the state of California with it's principle place of business in Los Angeles, California. Plaintiff is further informed and believes and on that basis alleges, that CJ Worldwide is or has been engaged in illegal

and discriminatory hiring practices via their association with the reality based television program The Apprentice. Plaintiff is further informed and believes, and therein alleges, that Defendant CJ Worldwide effectively acts or has acted as an employment agency for Defendants The Trump Org., Trump Productions and Trump via their association with the television program The Apprentice.

16. Plaintiffs do not know the true names and capacities of those Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when such are ascertained. Plaintiffs are informed and believe, and on that basis allege, that each of the Defendants sued herein as DOES 1 through 10, inclusive, is in some manner legally responsible for the wrongful acts set forth herein.

17. Plaintiffs are informed and believe, and therein allege, that Defendants, and each of them, are and/or were, at all times herein mentioned, the agents, servants, employees, joint venturers, and/or co-conspirators of each of the other. Defendants, and each of them, at all times herein mentioned, were acting within the course and scope of said agency, employment, and/or service in furtherance of the joint venture and/or conspiracy.

## VENUE

18. Venue is proper in this court pursuant to 28 U.S.C. § 1391(a) and/or (d) because a substantial part of the events giving rise to the claims herein occurred in this District, or, in the alternative, because one or more of the Defendants are aliens.

## FACTUAL BACKGROUND AND ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

19. Defendants have been engaged for several years in the design and production of a television program where candidates vie for the prospect

7

of attaining a real-life job, working as a term, contract employee for a well known person and corporation at a salary of $250,000. Plaintiff Hewett applied for said position on July 9, 2005 and was immediately denied. A close empirical inspection of the numbers of people who have made up the applicant pool to date in comparison with the number (and age) of persons who have been selected as finalists for these highly sought after management positions indicates that a clear and persistent bias is in place that discriminates against persons over 40 years old in the hiring for these "Apprentice" positions. Plaintiff Hewett filed an age discrimination complaint with the Equal Employment Opportunity Commission on July 30, 2005. The EEOC subsequently issued to Hewett a Right To Sue Notice for EEOC charge numbers 161-2005-00723 and 161-2005-00724. Said Right To Sue Notice arrived at Hewett's residence via U.S. Postal Service on October 12, 2006, bearing a postmark dated October 10, 2006 (see Exhibit A). Plaintiff Hewett maintains that Defendants have no claim to a Bona Fide Occupational Qualification that would exempt them from the hiring provisions and practices outlined and mandated in the Age Discrimination in Employment Act. Plaintiffs seek damages and penalties in an exact amount to be determined at trial. Plaintiffs also seek reimbursement from Defendants for any and all costs of suit and attorney fees when such fees are allowable by the court.

### **REQUEST FOR CLASS ACTION CERTIFICATION**

20. Plaintiff Hewett, on behalf of himself and others similarly situated, hereby request that this lawsuit receive consideration and certification as a Class Action pursuant to F.R.C.P. 23. In the alternative, if Class Action certification is for any reason denied, Plaintiff Hewett, on behalf of himself and others similarly situated, do hereby request that this lawsuit receive consideration for certification as a Collective Action under Section 216(b) of the Fair Labor Standards Act (1938) as amended.

8

## PRAYER FOR RELIEF

21. Plaintiff Hewett, on behalf of himself and others similarly situated, pray for a judgment against Defendants TRUMP ORGANIZATION INC., TRUMP PRODUCTIONS, LLC, DONALD TRUMP, MARK BURNETT PRODUCTIONS, INC., MARK BURNETT, JEAN WORLDWIDE, INC., ARCHIE WORLDWIDE, INC., CJ WORLDWIDE, INC. and DOES 1-10 for violations of the Age Discrimination in Employment Act in association with their activities in selecting job candidates for a televised program known as "The Apprentice" as outlined above in paragraphs 1 through 20. Plaintiffs seek damages and penalties in an exact amount to be determined at trial. Plaintiffs also seek judgment for reimbursement from Defendants for any and all costs of suit and attorney fees when such fees and reimbursements are allowable by the court.
22. Plaintiffs further seek injunctive relief, asking the Court to order the Defendants to cease engaging in the discriminatory practices herein outlined in paragraphs 1 through 21.

## CLAIM FOR RELIEF

23. For Plaintiffs and against all Defendants, this lawsuit seeks a claim for relief on the charge of age discrimination.
24. For attorney's fees and costs of suit as provided by statute or otherwise; and
25. For exemplary and punitive damages as provided by statute or otherwise; and
26. For such other and further relief as the Court deems just, equitable and proper.

DATED: January 4, 2007         By:_____
                                R. Joseph Hewett
                                Plaintiff

9

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

DATED: January 4, 2007         By:_____
                                   R. Joseph Hewett
                                   Plaintiff

# EXHIBIT A



EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
BOSTON AREA OFFICE
JOHN F KENNEDY FEDERAL OFFICE BUILDING
GOVERNMENT CENTER, ROOM 475
BOSTON, MA 02203

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

12